**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

**UPSHIFT WORK, LLC**                         CASE NO.: 1:25-CV-771

      Plaintiff,

vs.

**INSTAWORK,** *et al.*

      Defendants.

---

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND IN THE ALTERNATIVE A MOTION TO FILE AN AMENDED COMPLAINT

---

**A.  Introduction:**  Defendant Traba, ("Traba") Motion to Dismiss Plaintiffs Complaint for failure to state a claim should be denied by this Court. Since this motion strays from Civ. R. 12(B)(6)'s limited purpose, Defendant's motion should be overruled, and Defendant should be ordered by the Court to substantively defend. In the alternative, if the Court deems additional information is required, Plaintiff requests leave to file an Amended Complaint. Defendant Traba motion is similar to Defendant Gigpro, Inc.'s and Defendant Wonalopreviously filed Motion to Dismiss. Plaintiff incorporates much of the same argument in responding to Defendant Traba's Motion.

**B.  Standard of Review:**  A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted only if it appears beyond a doubt that the Plaintiff can prove no set of facts that would entitle her to relief. *Wilson v.*

*State* (1995), 101 Ohio App. 3d 487, 491, 655 N.E.2d 1348. "In resolving a Civ.R. 12(B)(6) motion to dismiss, the trial court may consider only the statements and facts contained in the pleadings and may not consider or rely on evidence outside the complaint." *Powell v. Vorys, Sater, Seymour & Pease* (1998), 131 Ohio App. 3d 681, 684, 723 N.E.2d 596. Factual allegations in the complaint shall be presumed as true, and inferences shall be made in favor of the non-moving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192. Further, the trial court is not permitted to consider evidence outside the complaint to support dismissal under Civ.R. 12(B)(6), and should ignore a party's impermissible inclusion of same. *Dombroski v. Wellpoint, Inc.* (2007), 173 Ohio App.3d 508, 513. Plaintiff's pleading does not fall victim to this deferential review.

**C.     Pleaded Allegations:**      Plaintiff's well plead allegations are detailed in its Complaint filed in this matter on October 14, 2025 and clearly have provided notice to Defendant as to what it's alleging in its Complaint. Plaintiff has alleged two causes of action; Unfair Competition and Tortious Interference with Contractual and Business Relationships.

Unfair competition generally consists of representations by one person, for the purpose of deceiving the public, that his goods are those of another. *Drake Medicine Co. v. Glessner* (1903), 68 Ohio St. 337, 67 N.E. 722, 1 Ohio L. Rep. 393; *Henry Gehring Co. v. McCue* (1926), 23 Ohio App. 281, 5 Ohio L. Abs. 762, 154 N.E. 171. Although it is usually associated with patent infringements, unauthorized use of trade names, or trademark infringements the concept may also extend to unfair commercial practices such as malicious litigation, circulation of false rumors, or publication of statements, all

2

designed to harm the business of another. See *Gehring, supra, cited by R.G. Eng'g & Mfg. v. Rance*, 2002-Ohio-5218 (Ct. App.).

As such, Ohio unfair-competition law encompasses a broad range of competitive practices and is not limited to a single rigid definition. See *Am. Chem. Soc. v. Leadscope, Inc.*, 133 Ohio St.3d 366, 2012-Ohio-4193 (malicious litigation), *Key Realty, Ltd. v. Hall*, 2021-Ohio-1868, 173 N.E.3d 831 (Ct. App.) (published statements), *Al Minor & Assocs. v. Martin*, 2008-Ohio-292, 117 Ohio St. 3d 58, 881 N.E.2d 850 (misappropriation of client lists), P&G v. Stoneham, 140 Ohio App. 3d 260, 747 N.E.2d 268 (2000) (disclosure of confidential information) and through statutes, See, Ohio Revised Code Section 1333.61. And while there may not be a current dearth of unfair competition cases in Ohio, Defendants have been the subject of enforcement actions in California, Texas, New Jersey, Pennsylvania and New York, involving their pay practices.  As pointed out by Defendant, Ohio Courts have not always accepted the expansion of unfair competition, but the cases cited by Defendant did not have similar facts (*Stolle Mack Co., LLC, Landskroner, and AAA Installers*). Cf at page 6. See *Competitor Swim Products Inc.* for the understanding that Plaintiff will be required to show that the alleged conduct produced adverse anticompetitive effects, but for purposes of ruling on the Civil Rule 12(B)(6) motion to dismiss, the court is required to accept all factual allegations in Plaintiff as true and make every reasonable inference in their favor. *Competitor Swim Prods. v. Thomas*, 2015 Ohio Misc. LEXIS 25376. (State of Ohio, Court of Common Pleas, Summit County September 24, 2015).  It is not hard to imagine why not following state and federal law regarding the payment of wages and thereby obtaining a cost

3

advantage in approaching clients in the staffing industry would not constitute unfair competition.

Defendant Traba makes a similar argument as Defendant Wonolo did in its motion regarding Plaintiff not liking Defendant's illegal business model and somehow stating that Ohio law does not follow Federal law in regards to paying its employees correctly. Plaintiff does not like Defendant's business model because it is in violation of Ohio and Federal law by intentionally misclassifying their gig workers as 1099 workers to save on labor costs. This allows Defendant Traba to charge lower rates to Plaintiff's customers, since Plaintiff employs W-2 workers, increasing its payroll cost, and costs them revenue. In this case, the unfair commercial practices of Defendant Traba and all other Defendants need to be determined by the Court to state whether Defendants' "model" is in violation of law and as such is unfair business competition under the broad Ohio law. Other similarly situated Defendants, like Qwick, Inc. have found that other Courts have determined that they did misclassify its workers and have agreed to correctly classify its gig workers as employees.

The torts of interference with business relationships and contract rights generally occur when a person, without a privilege to do so, induces or otherwise purposely causes a third person not to enter into or continue a business relation with another, or not to perform a contract with another." *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 1995-Ohio-66, ¶ 49, 73 Ohio St. 3d 1, 651 N.E.2d 1283. "'The elements essential to recovery for a tortious interference with a business relationship are: (1) a business relationship; (2) the wrongdoer's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4)

damages resulting therefrom.'" *Ginn v. Stonecreek Dental Care*, 2015-Ohio-1600, ¶ 11, 30 N.E.3d 1034 (12th Dist.), quoting *Wolf v. McCullough-Hyde Mem. Hosp.*, 67 Ohio App. 3d 349, 355, 586 N.E.2d 1204.

In *Key Realty*, the Court found tortious interference by a breaching party when, by its breach, it established a motive to interfere with the adverse party's business relations. *Key Realty, Ltd. v. Hall*, 2021-Ohio-1868, 173 N.E.3d 831 (Ct. App.). For purposes of this motion, Plaintiff has established that Defendant's business practices have interfered with Plaintiff's obligation to pay its employees correctly under the law and to fairly compete with Defendants for staffing positions. Although the interference must be done with actual malice, "[a]ctual malice in a tortious interference claim is not ill-will, spite, or hatred; rather, it denotes an unjustified or improper interference with the business relationship." *Chandler & Assocs., Inc. v. Am.'s Healthcare Alliance, Inc.*, 125 Ohio App.3d 572, 583, 709 N.E.2d 190 (8th Dist.1997). Where the alleged wrongdoer and the injured party are competitors, any interference is privileged (and therefore not actionable) if (1) the relation concerns a matter of competition between them, (2) the actor does not use "improper means" to interfere, (3) the actor does not intend to create or continue an illegal restraint of competition, and (4) the actor's purpose is at least in part to advance his own competitive interests. *MedCorp., Inc. v. Mercy Health Partners*, 6th Dist. Lucas No. L-08-1227, 2009-Ohio-988, ¶ 43-48. E.3d 831 (Ct. App.). One who intentionally and improperly interferes with the performance of a contract between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract." *Kenty v. Transamerica Premium*

5

*Ins. Co.* (1995), 72 Ohio St. 3d 415, 650 N.E.2d 863, at 866, cited by *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 1999-Ohio-260, 85 Ohio St. 3d 171, 707 N.E.2d 853. In this case Defendant has engaged in "improper means" and has created an illegal restraint of competition by misclassifying its workforce to save operating costs.

To prevail in a contractual relationship, a party must demonstrate that the wrongdoer intentionally and improperly interfered with the party's contractual relations with another. *Total Quality Logistics, L.L.C. v. All Shippers, Inc.*, 2021-Ohio-781, ¶ 78, 168 N.E.3d 1228 (12th Dist.) cited by *Reliant Servs. MJF, LLC v. Brown*, 2025-Ohio-5364 (Ct. App.).  Although the interference must be done with actual malice, "actual malice in a tortious interference claim is not ill-will, spite, or hatred; rather, it denotes an unjustified or improper interference with the business relationship." *Chandler & Assocs., Inc. v. Am.'s Healthcare Alliance, Inc.*, 125 Ohio App.3d 572, 583, 709 N.E.2d 190 (8th Dist.1997).

In its Complaint, Plaintiff stated that it has lost business to Defendants due to Defendants ability to unlawfully offer lower prices as acknowledged by its own customers.  Defendant's breach of Ohio and federal law has resulted in Plaintiff losing its customers.

The elements of the tort of tortious interference with contract are (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the  wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages. *Kenty v. Transamerica Premium Ins. Co.* [1995], 72 Ohio St. 3d 415, 650 N.E.2d 863, paragraph two of the syllabus, affirmed and followed and cited by *Fred*

*Siegel Co., L.P.A. v. Arter & Hadden*, 1999-Ohio-260, 85 Ohio St. 3d 171, 707 N.E.2d 853.

Plaintiff did not provide specific examples of Defendant Traba's fact patterns as it did a few of the named Defendants. However as stated in Plaintiff's Complaint, all Defendants have similar models as they are not properly classifying their workers as employees and within Plaintiff's Complaint have been provided sufficient notice as to their alleged wrongdoing. Defendant Traba's business model of not paying its gig workers as employees, but rather 1099 individuals is an essential matter involved in this case. When taking the well-pleaded factual allegations as true and viewing the complaint in the light most favorable to Plaintiff, the complaint is not subject to dismissal as group pleading. As alleged in the complaint, all defendants collectively misclassified its employees as independent contractors rather than employees. See *Plan Igo v. Sun Life Assurance Co. of Canada*, 652 F. Supp. 3d 929 (S.D. Ohio 2023).

**D.     Legal Analysis:**     As long as there is a set of facts, consistent with the Plaintiff's complaint, which would allow the Plaintiff to recover, the court may not grant a Defendant's motion to dismiss." *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 144-145, 573 N.E.2d 1063 (1991). At this time, Plaintiff's pleaded allegations are presumed to be true. Defendant has not provided enough legal reasoning why Plaintiff's Complaint should be dismissed.

**E.     Conclusion:**  For the foregoing reasons, Plaintiff respectfully requests that this Court overrule Defendant's motion to dismiss in its entirety and Order Defendant to timely answer the complaint so that all these matters can be fully vetted. Plaintiff's Complaint

clearly articulated two separate independent legal actions against Defendant, which pursuant to the applicable standard of review, are clearly sufficient to survive a motion to dismiss. By misclassifying its workers as 1099 individuals and avoiding payroll costs, Defendant is unlawfully and unfairly competing with Plaintiff whose business model is compliant with state and federal law, because it properly classifies its workers as W-2 employees. Further, Defendants such as Traba are aware that Plaintiff pays its workers in accordance with the law. Defendants may reassert its arguments herein if it elects to pursue a Rule 56 Motion for Summary Judgment.  However, if this Court believes that additional allegations are required, Plaintiff respectfully requests leave to file an Amended Complaint.

Respectfully submitted,

DUWEL LAW

*/s/ David M. Duwel*
David M. Duwel (0029583)
130 West Second St., Suite 2101
Dayton, Ohio 45402
PH:     (937) 297-1154
FAX:   (937) 297-1152
Trial Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served via the Court's electronic system to Defendant's counsel this 23rd day of March 2026.

*/s/ David M. Duwel*
David M. Duwel

8